IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AARON P. BAMBURG,<br><br>    Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation;<br><br>    Defendant. | **8:23CV231**<br><br>**ORDER** |

Defendant filed a motion to extend its time to file *Daubert* motions regarding certain "experts/non-retained experts of Plaintiff" until July 15, 2024. Filing No. 83. For the reasons set forth herein, the Court grants the motion.

**BACKGROUND**

On May 30, 2023, Plaintiff filed the Complaint in this matter. Filing No. 1. On January 11, 2024, Plaintiff amended his complaint. Filing No. 30. The allegations at hand are brought pursuant to the Federal Employers' Liability Act (FELA) and relate to injuries Plaintiff allegedly suffered during the course and scope of his employment with Defendant on July 11, 2022. *Id.*

The Court entered its final progression order on July 21, 2023. Filing No. 13. On May 20, 2024, after a telephone conference with the parties, the Court granted Defendant's unopposed oral motion to extend the deadline for expert depositions and set the deadline for July 15, 2024. All other deadlines remained unchanged, including the *Daubert* motions deadline, which was June 17, 2024. *Id.*; Filing No. 49 (text minute entry).

Pursuant to the evidence before the Court, and relevant to the motion at hand, Plaintiff's counsel sent a medical records request to Ivy Slepicka, a licensed mental health professional on January 5, 2023. Filing No. 94-1 at 1–2. On January 17, 2023, Ms. Slepicka provided a letter to Plaintiff which summarized her treatment of Plaintiff. *Id.* Plaintiff's counsel sent an additional records request to Ms. Slepicka on April 17, 2023. *Id.* On April 28, 2023, Ms. Slepicka provided a letter to Plaintiff which, again, summarized

her treatment of Plaintiff. *Id.* Plaintiff's counsel has presented evidence indicating he had no knowledge there were additional records other than the letters provided on January 17, 2023 and April 28, 2023. *Id.* at 2.

On October 3, 2023 and December 18, 2023, Plaintiff provided Defendant a number of authorizations, including an authorization for Defendant to receive all of Ms. Slepicka's records regarding Plaintiff's treatment with her. *Id.* These authorizations also accounted for records related to Plaintiff's treatment with Dr. Darren Keiser and Dr. Nicholas Wegner.

As relevant to this motion and pursuant to the evidence before the Court,[1] on June 4, 2024, Defendant served Ms. Slepicka with a deposition subpoena *duces tecum* directing her to testify on June 12, 2024. Filing No. 55; Filing No. 94-10. One day prior to the subpoenaed deposition, on June 11, Ms. Slepicka's office sent Plaintiff's counsel various medical records and other documents concerning Plaintiff. Filing No. 94-1 at 2. Plaintiff's counsel presented evidence indicating he had no prior knowledge of the existence of these records. *Id.* The parties agree Plaintiff disclosed the additional records to Defendant the day of the deposition—June 12. *Compare* Filing No. 93 at 3, *with* Filing No. 95 at 2.

Defendant presented Ms. Slepicka's deposition testimony, indicating Ms. Slepicka received Defendant's request for Plaintiff's medical records. Filing No. 96-1 at 5. Ms. Slepicka testified she provided only summary letters of Plaintiff's treatment with her in response to this request. She testified this was her standard practice and that she did so to protect the confidentiality of her client. *Id.* During this document production, Ms. Slepicka also produced text messages between her and Plaintiff in which they discussed her ultimate opinion regarding his return to work. Ms. Slepicka further testified Plaintiff's

---

[1] The Court notes that, in their briefing, both parties set forth certain facts that are not appropriately supported by evidence. NE Civ. R. 7.1(a)(2)(A) provides that, "[i]f a motion requires the [C]ourt to consider any factual matters not stated in the pleadings . . . the moving party must also file and serve supporting evidentiary materials not previously filed." Rule 7.1(a)(2)(A) goes on to state that "[a] factual assertion . . . must cite to the pertinent page of the pleading, affidavit, deposition, discovery material, or other evidence on which the moving party relies." Furthermore, Rule 7.1(a)(2)(C) then requires an affidavit to "identify and authenticate any documents offered as evidence." However, the Court finds there are sufficient facts and evidence currently and appropriately before the Court, with regard to the issue at hand, to make a ruling on the current motion.

attorney requested that she remove certain statements set forth in the summary medical records, which were initially the only medical records produced in this matter. Id. at 7–8.

On June 17, 2024, the parties filed various motions for partial summary judgment and motions to exclude certain expert testimony. Also on June 17, 2024, which was the deadline to file motions to exclude testimony on Daubert and related grounds, Defendant filed the motion which is currently before the Court. Filing No. 83. This motion requests the Court extend the time for Defendant to file Daubert motions by approximately one-month regarding the following individuals: Dr. Keiser, Dr. Wegner, Jeffrey Opp, and Jesse Ogren.

## ANALYSIS

The Court may only modify a Rule 16 scheduling order "for good cause." Fed. R. Civ. Proc. 16(b)(4). To determine whether good cause exists, the Court considers "the movant's diligence in attempting to meet the order's requirements." Yang v. Robert Half Int'l, Inc., 79 F.4th 949, 960 (8th Cir. 2023), reh'g denied, No. 22-2592, 2023 WL 6313679 (8th Cir. Sept. 28, 2023) (quoting Hartis v. Chi. Title Ins. Co., 694 F.3d 935, 948 (8th Cir. 2012)). "A district court may also consider the existence or degree of prejudice to the party opposing the modification." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006).

The movant's diligence remains the "primary" consideration, however. Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). Generally, the Court will not reach the issue of "prejudice to the nonmovant resulting from modification of the scheduling order" if it determines that the movant was not "diligent in meeting the scheduling order's deadlines." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 717 (8th Cir. 2008); see also Rosillo v. Holten, No. 13-CV-1940, 2014 WL 7357308, at *5 n.2 (D. Minn. Dec. 23, 2014) ("[I]n a Rule 16(b) good cause analysis, a lack of prejudice to [the nonmovant] does not undo the consequences of [the movant's] lack of diligence.").

Defendant's extension request is due to "recent concerns raised in connection with the deposition of Plaintiff's non-retained expert [Ms.] Slepicka, where numerous medical records previously unproduced by the Plaintiff or the provider were produced only after a subpoena for records and an in-person deposition was requested of Ms. Slepicka." Filing

3

No. 84 at 1–2. Defendant also expresses a concern regarding whether other medical providers have produced all medical records based upon the fact that Ms. Slepicka did not produce all medical records until shortly before her deposition as well as a concern regarding the input, if any, that Plaintiff and/or his counsel may have had regarding the relevant expert opinions, in light of Ms. Slepicka's testimony. Defendant further argues the opinions for experts Mr. Opp (economist) and Mr. Ogren (vocational rehabilitation counselor), will be affected by the testimony to be provided by Dr. Keiser and Dr. Wegner in light of the newly disclosed medical records. *Id.*

Plaintiff argues Defendant failed to show good cause to support its request. More specifically, Plaintiff argues Defendant has failed to show it acted diligently in conducting discovery and, further, that the late disclosure of the records of one non-retained expert is not good cause when this non-retained expert has no "known connection" to any other expert identified by Plaintiff. Plaintiff further argues this is especially the case when Defendant deposed Ms. Slepicka and has, further, filed a *Daubert* motion regarding her opinions. Filing No. 93 at 5–6.

With regard to Defendant's diligence, both parties agree Defendant had requested, in one form or fashion, Ms. Slepicka's medical records for Plaintiff well in advance of the June 2024 deposition. Both parties also agree that, on June 12, 2024 (the day of Ms. Slepicka's deposition and after the most recent status call with the Court), Defendant received additional medical records for Plaintiff that had not been produced in response to prior requests, although they were responsive to such. It is also worthwhile to note that, except for the expert deposition deadline (and this limited extension of the *Daubert* motion deadline), the parties have met all deadlines set forth in the Court's original final progression order and this case is currently set for a jury trial less than 20 months after the initial complaint was filed in this matter.

First, the undersigned understands Defendant's concerns as to whether all records have been produced by Dr. Keiser and Dr. Wegner and/or what interactions Dr. Keiser and/or Dr. Wegner had with Plaintiff and his counsel when reaching their written opinions in light of Ms. Slepicka's testimony. This change of circumstances, in and of itself, is

4

enough good cause to extend the *Daubert* motion deadline regarding these experts until Defendant has the opportunity to depose these individuals.

The Court now turns to Plaintiff's retained experts, Mr. Ogren, a vocational rehabilitation counselor, and Mr. Opp, an economist. With regard to Mr. Ogren, the Court finds it is reasonable that Defendant would want to determine whether the medical records produced on June 12, 2024—and any additional medical records and/or opinions regarding Dr. Keiser and Dr. Wegner—have any bearing on potential *Daubert* arguments regarding Mr. Ogren's opinions. It is reasonable to conclude that a complete picture of Plaintiff's prior medical history—including medical records and opinions—are relevant to this analysis. The Court also finds it reasonable that a complete picture of Plaintiff's prior medical history and opinions would need—or at least want—to be retained prior to analyzing potential *Daubert* motions for Mr. Opp. After all, the calculations set forth in Mr. Opp's opinions are likely based upon Plaintiff's underlying medical condition.

As the Court has found Defendant was diligent in its attempts to meet deadlines, the Court will briefly address prejudice to Plaintiff. Plaintiff argues this extension prejudices his "ability to timely move forward with his case, plan for litigation, manage the use of litigation assets with the increased costs, and further delays potential settlement discussions." Filing No. 93 at 9–10. The Court recognizes extending the deadline for Defendant to file potential *Daubert* motions on these four individuals may delay any planning or settlement discussions that are contingent upon the *Daubert* rulings. The Court also recognizes Plaintiff may incur additional expense to respond to Defendant's *Daubert* motions.

Defendant requests a reasonable 28-day extension to July 15, 2024. Trial is not scheduled to occur for another six months (January 13, 2025). Plaintiff is not unfairly prejudiced by this delay because the proposed extension still provides ample time to plan, discuss settlement, and prepare for trial. Additionally, responding to an opposing party's motion is an ordinary, anticipated litigation expense. Plaintiff is not unfairly prejudiced by the expense needed to respond to *Daubert* motions arising out of the unanticipated disclosure of important medical records, five days before the *Daubert* deadline lapsed, when Defendant previously diligently sought to obtain these records.

For the reasons set forth herein, the Court grants Defendant's Motion (Filing No. 83). Any *Daubert* motions regarding Dr. Darren Keiser, Dr. Nicholas Wegner, Jeffrey Opp, and Jesse Ogren shall be filed by July 15, 2024.

IT IS SO ORDERED.

Dated this 2nd day of July, 2024.

                                        BY THE COURT:

                                        *s/ Jacqueline M. DeLuca*
                                        United States Magistrate Judge